[File No. 6823.]

IN THE MATTER OF THE ESTATE OF FRANK LYNCH, Also Known as F. Lynch and William Franklin Lynch, Deceased.

GEORGIA A. LYNCH, Executrix, and F. C. Lynch, Executor, under the Last Will and Testament of Frank Lynch, Deceased, Respondents, v. JOHN GRAY, Tax Commissioner of the State of North Dakota, Appellant.

(4 NW(2d) 591.)

Opinion filed June 8, 1942.

*Alvin C. Strutz,* Attorney General, *C. E. Brace,* Assistant Attorney General, *T. A. Thompson,* and *Chas. Simon,* for appellant.

*Cupler, Stambaugh & Tenneson,* for respondents.

BURR, Ch. J.  In this appeal the parties agree there is no controversy over the facts.  They are stipulated.  The case was argued at the same time and on the same briefs as the case of McKee v. State.  On that argument, it was stated by both parties that if this court found against the appellant in the McKee Case, that decision would control this case, as the same principles of law applied.

In the McKee Case, 71 ND 545, 3 NW (2d) 797, decided March 24, 1942, we had under review the provisions of § 3, subdivision 2 (B) of chapter 251 of the Session Laws of 1933, exempting from an estate tax "The amount of all bequests, legacies, devises, or transfers . . . to or for the use of any corporation, institution, society, or association, whose sole object and purpose is to carry on charitable, educational, or religious work," and therein we held that such provision applied to bequests or transfers to any institution or society or association that was located outside of the state of North Dakota, as well as to those that were located within the state.

As the bequests involved in this case are bequests to institutions outside of the State and to institutions within the state, it would seem there is no essential difference in the principles involved.  However, an examination of the will involved here showed that with reference to a portion

of the estate, a trust was created, and the trustees controlled the property for the objects described in the trust arrangement, were given large discretionary powers, and after the discharge of duties to legatees and persons named in the will, other than the "institutions" involved, and for purposes other than those permitted to be deducted, were required to deliver the remainder of the estate "to the Conference Claimants' Fund of the Southern California Annual Conference of the Methodist Episcopal Church and to the Conference Claimants' Fund of the North Dakota Annual Conference of the Methodist Episcopal Church," and other cestuis que trustent for the charitable, religious, etc., purposes for which they exist.

Owing to the fact that the briefs did not discuss the question of the effect of transferring a portion of the estate to trustees for other purposes and afterwards to be delivered to the legatees named, it was deemed advisable to have the parties submit briefs on the point hereinafter set forth.

The section of the statute under consideration—§ 3, subdivision 2 (B)—provides that in determining the net value of the estate subject to tax, the executor is permitted to *deduct* the amount of all *bequests and legacies made* "for any charitable, educational, or religious purposes, or to or *for the use* of any corporation, institution, society, or association, whose sole object and purpose is to carry on charitable, educational or religious work. . . ."

It is conceded that the "sole object and purpose" of such institutions as are made legatees is "to carry on charitable, educational or religious work." Did delivery of the property to the trustees prevent deduction of the legacies to such institutions?

It is true that the property was delivered to the trustees, but the bequests and legacies which are involved are not for the use of the trustees, but for the use of these charitable, educational, and religious institutions. It is the bequests which may be deducted, provided that they are made either directly to such charitable, educational or religious associations, or to someone "for the use" of such institutions. The phrase, "whose sole object and purpose," applies to the institution or society to whom the bequest is made, not to the trustees. If the sole

object of the legatee "is to carry on charitable, educational or religious work," then such legacy may be deducted, even though the trustees may be charged with duties that have no reference whatever to the nature or object of the legatee. Hence, the fact that the will provided the estate, or a portion thereof, should be placed in the hands of trustees does not in any way affect the right to deduct the amount of the bequests and legacies made in accordance with the provisions of the section under investigation.

The county court determined the amount of the bequests and legacies and the tax basis of the estate. This determination was affirmed by the district court. The appeal concedes this to be correct, as there is no dispute as to the facts. The judgment of the lower court is affirmed.

NUESSLE, BURKE, MORRIS, and CHRISTIANSON, JJ., concur.